UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

DONALD BRYANT,  )
  )
    Plaintiff,  )
  )
v.  )  Case No. CV411-178
  )
PHS/CORIZON HEALTH CARE  )
SERVICES and CHATHAM COUNTY  )
JAIL,  )
  )
    Defendants.  )

## REPORT AND RECOMMENDATION

Before the Court is Donald Bryant's 42 U.S.C. § 1983[1] civil rights complaint. (Doc. 1 (complaint); doc. 6 (amended complaint).) The Court granted Bryant leave to proceed *in forma pauperis* on the condition that he return a Prisoner Trust Account Statement form and a Consent to

---

[1] He also raises claims under several other civil rights statutes, including 42 U.S.C. §§ 1985, 1986, & 1987, as well as 18 U.S.C. §§ 241 & 242. (Doc. 6.) Sections 241 & 242 are criminal statutes that do not give rise to a private right of action. *See, e.g., Kelly v. Rockefeller*, 69 F. App'x 414, 415-16 (10th Cir. 2003) (no private right of action under §§ 241 or 245); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (no private right of action under §§ 241 and 242); *Willing v. Lake Orion Cmty. Sch. Bd. of Trs.*, 924 F. Supp. 815, 818 (E.D. Mich. 1996) (§ 241 does not give rise to a private cause of action). Bryant fails to offer any factual support for the other claims. The Court need not address the pleading's deficiencies, since Bryant has admittedly failed to exhaust his administrative remedies.

Collection of Fees from Trust Account form. (Doc. 5.) He has returned the two forms, so the case is ready to proceed. (Docs. 10 & 11.)

Bryant complains that while detained at the Chatham County Detention Center he has been denied treatment for Hepatitis C. (Doc. 1 (complaint); doc. 6 (amended complaint).) He seeks damages plus an injunction compelling jail officials to administer his chosen treatment (Pegasus/Interferon). Bryant, however, has failed to exhaust his administrative remedies. He states on his complaint form that he filed a grievance, appealed, and received a doctor's appointment on June 20, 2011. (Doc. 1 at 3-4.) Apparently unsatisfied with the doctor's decision, he proceeded directly to the Court without first appealing to the highest level possible. (*Id.* at 4 (when asked whether he "appeal[ed] any adverse decision to the highest level possible," Bryant checked "No").)

Under 42 U.S.C. § 1997e(a), a prisoner *must* exhaust all available administrative remedies before filing an action that challenges the conditions of his confinement. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail . . . until such administrative remedies as are available are exhausted."); *see Cutter v. Wilkinson*, 544 U.S. 709, 723

2

n.12 (2005) (RLUIPA claims are still subject to the PLRA's exhaustion requirement); *Logue v. Chatham Cnty. Det. Ctr.*, 152 F. App'x 781, 783 (11th Cir. 2005) (prisoners must exhaust their remedies prior to filing Equal Protection claims). This requirement is a "pre-condition to suit" that must be enforced even if the available administrative remedies are "futile or inadequate." *Harris v. Garner*, 190 F.3d 1279, 1285–86 (11th Cir. 1999) (quoting *Alexander v. Hawk*, 159 F.3d 1321, 1325–26 (11th Cir. 1998)), *vacated*, 197 F.3d 1059, *reinstated in part*, 216 F.3d 970, 972 (11th Cir. 2000). Indeed, "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007); *see also Porter v. Nussle*, 534 U.S. 516, 523 (2002) (mandatory exhaustion requirement applies to all inmate suits about prison life).

The PLRA, for that matter, "requires proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (emphasis added). That means plaintiff must "us[e] all steps" in the administrative process and comply with any administrative "deadlines and other critical procedural rules" before filing a complaint about prison conditions in federal court. *Id.* at 89-91 (citation omitted). Thus, if an inmate has filed an "untimely or

otherwise procedurally defective administrative grievance or appeal," he has not properly exhausted his administrative remedies. *Id.* at 83-84; *see also Lambert v. United States*, 198 F. App'x 835, 840 (11th Cir. 2006) (proper exhaustion requires filing grievance "under the terms of and according to the time set by BOP regulations").

Here, Bryant has unambiguously indicated that he did not properly exhaust his remedies. Accordingly, this case should be **DISMISSED**. Meanwhile, he must pay for filing this lawsuit. Since Bryant has a negative balance in his prison trust fund account (doc. 11), the Court cannot assess the initial partial filing fee. 28 U.S.C. § 1915(b)(1). Nevertheless, **IT ORDERS** plaintiff's custodian (or his designee) to set aside 20 percent of all deposits to plaintiff's trust fund account and forward those funds to the Clerk each time the set aside amount exceeds $10.00, until the balance of the $350.00 filing fee has been paid in full. **IT FURTHER ORDERS** that all payments shall be designated as made in payment of the filing fee for Civil Action No. CV411-178. In the event plaintiff is transferred to another institution, plaintiff's present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's

4

new custodian. The balance due from the plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this Order.

A copy of this Order and a copy of the Consent to Collection of Fees from Trust Account shall be served upon plaintiff and his current custodian. The payment portion of this Order is to be implemented immediately, as it is not subject to the adoption provision of Fed. R. Civ. P. 72(b).

**SO REPORTED AND RECOMMENDED** this __8th__ day of November, 2011.

<p style="text-align:right">
_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA
</p>